IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| JOEY W. AARON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-05-437-T |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Plaintiff brought this action pursuant to 42 U.S.C. §405(g) for a review of the decision of the defendant Commissioner of the Social Security Administration denying plaintiff's application for disability benefits and Supplemental Security Income ("SSI") benefits. The matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B).

On March 31, 2006 the magistrate judge filed a Report and Recommendation [Doc. No. 21] in which he recommended that the decision of the Commissioner be affirmed. Because plaintiff has timely objected to that recommendation, the matter is reviewed *de novo*.

In denying plaintiff's claim for benefits following a *de novo* evidentiary hearing, the Administrative Law Judge ("ALJ") issued an opinion denying plaintiff's claim because she found that plaintiff has severe impairments resulting from osteoarthritis, gout obesity, and Hepatitis C. However, she further found that the impairments were not sufficiently severe to meet or equal an impairment listed in the applicable portion of the Social Security regulations contained in the Code

of Federal Regulations. The ALJ further found that plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work within stated limitations. He cannot, however, perform his past relevant work as a fast food cook or fast food worker. The ALJ then considered the vocational expert's testimony and the medical-vocational guidelines in the Social Security regulations and concluded that there are a significant number of jobs in the national economy that an individual having plaintiff's RFC and vocational factors could perform. Examples include non-construction laborer, food and beverage order clerk, and assembler. Having so concluded, the ALJ determined that plaintiff is not disabled as defined by the Social Security laws, and thus denied his clam for benefits.

In reviewing the decision, the court may not reweigh the evidence or substitute its judgment for that of the Commissioner; rather, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. Washington v. Shalala, 37 F.3d 1437, 1439-40 (10th Cir. 1994); Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion. Castellano, 26 F.3d at 1028. Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).

The magistrate judge reviewed the ALJ's decision and the record submitted and, in a detailed analysis of the record and the governing law, concluded that plaintiff's arguments in support of his appeal were not well-founded and that the decision was supported by substantial evidence in the record and free of legal error. In the Report and Recommendation, the magistrate judge summarized in detail the history of plaintiff's claim, his medical history and the evidence in the

record, and the law governing the issues presented. That discussion accurately reflects the record before the court as well as the applicable legal standards and will not be repeated in this order.

In his objection to the Report and Recommendation, plaintiff states that he continues to assert the arguments raised in his appeal and objects to the contrary findings of the magistrate judge. However, he specifically focuses on specific findings in the Report and Recommendation which he contends are erroneous and warrant reversal. Specifically, plaintiff contends that the magistrate judge erred in finding that the RFC was supported by substantial evidence because the RFC does not include any restrictions related to the use of plaintiff's left arm; plaintiff argues that such restrictions are evidenced by the record. Second, plaintiff contends that the magistrate judge erroneously concluded that the ALJ's credibiltiy finding was supported by substantial evidence in the record.

Plaintiff contends that the RFC assessment is erroneous because it does not take into consideration plaintiff's inability to straighten his left elbow, a limitation supported by the consultative medical examination evidence in the record. In his initial brief, plaintiff raised this argument, and the magistrate judge discussed the issue at pages 5-9 of the Report and Recommendation. Plaintiff contends that the magistrate judge erred because, in addition to discussing the observations of Dr. Maldonado regarding the range of motion and flexion of plaintiff's left elbow, the magistrate judge referenced the opinion of the agency's non-examining physicians. Plaintiff argues that the opinion of the examining physician, Dr. Maldonado, was not included in the RFC assessment[1]. Plaintiff contends that the magistrate judge placed significance on the non-examining physician's opinion and that doing so is error because the Tenth Circuit has

---

[1] *As the magistrate judge notes in the Report and Recommendation, plaintiff does not explain how this purported omission impacted the RFC assessment.*

held that written evaluation forms of non-examining agency physicians, standing alone, are not substantial evidence.

The court has thoroughly reviewed both the ALJ's opinion and the magistrate judge's extensive discussion of this issue. The court does not agree with plaintiff that the magistrate judge relied on the non-examining physician's conclusions as constituting substantial evidence contrary to the findings of Dr. Maldonado, the examining physician. In fact, a review of the entire record and the magistrate judge's discussion reflects that Dr. Maldonado's opinion noting the limited range of motion was, in fact, considered by the ALJ and the magistrate judge. The non-examining physician who formulated the RFC assessment included a specific reference to Dr. Maldonado's report concerning plaintiff's left arm and elbow. The RFC findings expressly referenced the written report and chart prepared by Dr. Maldonado as among the evidence considered in determining the RFC.

The facts of this case differ from those in the decision cited by plaintiff to support his argument. *See* Drapeau v. Massanari, 255 F.3d 1211(10th Cir. 2001). In Drapeau, the ALJ's opinion was based on the conclusions of non-examining physicians who did not review the reports of an examining physician; thus, the court found that the ALJ erred in considering only the opinions of the non-examining physicians and rejecting the contradictory opinion of a treating physician. 255 F.3d at 1213-14. In fact, the court also found that the ALJ in that case completely disregarded the treating physician's opinion without explaining his reasons for doing so. *Id.* at 1213. In contrast, the ALJ in this case referenced Dr. Maldonado's report and findings and noted that the non-examining physicians had considered Dr. Maldonado's findings in assessing plaintiff's RFC. The record reflects that the ALJ was correct, as the non-examining physician expressly referenced Dr. Maldonado's report, and he specifically included the left arm and elbow findings of Dr. Maldonado

in his findings regarding plaintiff's RFC. *See* Exhibit 6F, page 2. Moreover, the record shows that, as the magistrate judge noted, the only reference to a range of motion limitation in plaintiff's left elbow appears in Dr. Maldonado's report; plaintiff's treating physicians did not mention this limitation. Finally, Dr. Maldonado, in referencing the findings regarding plaintiff's left elbow, did not conclude or opine that plaintiff was disabled as a result of this condition.

The court concludes that, contrary to plaintiff's argument, the ALJ and the magistrate judge considered the findings of Dr. Maldonado; the record supports the conclusion that his findings were considered and expressly referenced in the assessment of his RFC by the non-examining physician. Furthermore, the ALJ discussed all of the medical evidence in detail, and explained the reasons for her conclusions by reference to the evidence in the record. The court agrees with the magistrate judge that the ALJ properly followed the regulations regarding consideration of the evidence and the explanation of her conclusions in her opinion, and that the conclusion is supported by substantial evidence in the record. The court finds no error in the RFC determination.

Plaintiff next argues that the magistrate judge erroneously accepted the ALJ's conclusions regarding credibility. He contends that the ALJ made "untrue or exaggerated statements" to support her findings. Objection, page. 7. Specifically, he points to the ALJ's statement that plaintiff requested narcotic pain medications "regularly," while the magistrate judge noted two such requests in the record. Plaintiff agrees that the magistrate judge correctly explained the law governing credibility determinations and the assessment of plaintiff's allegations of pain. However, he contends that the magistrate judge erroneously concluded that the ALJ's findings were supported by substantial evidence.

Plaintiff's argument overlooks the fact that the credibility assessment was not limited to

plaintiff's request for pain medication. As discussed in detail in the Report and Recommendation, the ALJ also relied in her opinion on evidence in the record reflecting plaintiff's failure to fully cooperate with his physicians' recommendations regarding treatment, his lack of discomfort at the hearing before the ALJ, and the evidence regarding plaintiff's daily activities. The record supports the conclusion that the ALJ fully considered all the evidence in the record in assessing plaintiff's credibility regarding the pain he suffered. The opinion discusses these matters at length, and the court finds that the magistrate judge correctly concluded that, when the record is reviewed in its entirety, there is substantial evidence supporting the ALJ's conclusions and that her discussion of the evidence in this regard was not error.

For the foregoing reasons, having reviewed the record *de novo* and having fully considered plaintiff's objections and arguments in support of his claim, the court concludes that the magistrate judge correctly concluded that the decision of the Commissioner should be affirmed. Accordingly, the Report and Recommendation [Doc. No. 21] is adopted, and the decision of the Commissioner is affirmed.

IT IS SO ORDERED this 25th of May, 2006.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE